No. 275
### SCHWARTZ v. STATE
Ohio Appeals, 2nd Dist., Franklin County
No. 1151. Rendered March 19, 1924
Funk, Pardee and Washburn (9th Dist.), JJ. sitting

**114. ATTORNEY AND CLIENT**—Disbarment proceedings a statutory remedy, distinguishable from both civil and criminal actions—State not a party and prosecuting attorney cannot weive service of summons in error—His so doing leaves Court of Appeals without jurisdiction.

WASHBURN, J.
#### Epitomized Opinion
Published Only in Ohio Law Abstract

Disbarment proceedings were instituted in the Franklin Common Pleas against Schwartz, an attorney at law, by appointing a committee of lawyers to prefer and prosecute charges against him. Prosecution was had in accordance with 1707 et seq GC. and judgment of removal and disbarment was rendered.

An effort was made to take this case into the Court of Appeals on error and a petition in error was filed. Several legal questions arose relating to the 70-day limitation upon the filing, as to the entry of appearance by the State and its waiver, signed by the prosecuting attorney, but the Court of Appeals held that the only question for determination in the case was whether it had jurisdiction to review on error the judgment of the Common Pleas and decided as follows:

"In Ohio a disbarment proceeding is purely statutory; it is a special proceeding of a summary character and it is neither an ordinary civil action nor a criminal prosecution, and is distinguishable from both with respect to the object sought and the procedure governing civil and criminal actions; it is an inquiry or investigation as to the conduct of an attorney, instituted by order of the court, not to mete out punishment to the offender, but its purpose is to protect the administration of justice and the courts and the public from the misconduct of those who are licensed to practice law."

"The caption or style of the proceeding is of little importance, but however styled, the State of Ohio is not a party to the proceeding, and if the prosecuting attorney is not appointed by the court as one of the committee to prefer and prosecute charges, he is not required nor authorized to prosecute such charges, and where he is not so appointed and has had nothing to do with the preparation or prosecution of such charges in the Common Pleas Court, his waiver in writing of the issuance or service of a summons in error will not give the Court of Appeals jurisdiction to review such proceeding."

The Court expressed its regret that the plaintiff in error would not have an oppor-

tunity to have the Court pass upon the merits of the case, and its consideration for a party's right to have his case reviewed regardless of any mere technicality, but held that the question raised was one of jurisdiction, and, for that reason, it was compelled to sustain the motion to dismiss the petition in error.

Attorneys—Harry A. Williams, Horace S. Kerr and James A. Boulger, Disbarment Committee, for the motion; Charles E. Belcher and Thomas H. Clark, contra, of Columbus.